William H. Belieu, appellee, v. Lee Card, appellant.

Filed February 27, 1914. No. 17,650.

1. **Mortgages: Deed as Mortgage.** A deed executed at the same time, to the same party, and upon the same consideration, with a mortgage upon the same real estate will not convey an independent title, but will be treated as additional security.

2. ———: ———: **Possession.** In such case, if the mortgagee takes peaceable possession of the land without foreclosure, he will be considered as a mortgagee in possession.

3. ———: ———: **Cancelation: Decree.** In such case, a decree at the suit of the mortgagor, determining only that the deed does not convey the legal title and canceling the same, and reserving and not determining the rights of the mortgagee as such, will not be reversed upon appeal, when the pleadings and evidence will not justify a foreclosure of the mortgage, and the issue presented and tried and insisted upon in this court is limited to the question of the validity and effect of the deed as conveying the full legal title.

Appeal from the district court for Dawes county: William H. Westover, Judge. *Affirmed.*

*Lee Card, pro se.*

*A. W. Crites* and *E. D. Crites, contra.*

Sedgwick, J.

Fifteen or twenty years ago this plaintiff and his wife executed a mortgage on the premises in question to one Cutter to secure the payment of a loan made by Cutter to the plaintiff. At the same time of the execution of the mortgage, it seems that the plaintiff and his wife signed a deed, which was in blank as to the grantee, and perhaps in other respects, and left it also with the agent of the mortgagee. Afterwards it appears that the blank was filled by inserting the name of the said Cutter as grantee. After Cutter's decease, the executor of his will executed a deed which purports to convey the interest of

Belieu v. Card.

Cutter to the defendant, Lee Card. Mr. Card also procured the said mortgage and the note which it secured, and, the two deeds above mentioned having been placed upon record, he claims that he took peaceable possession of the premises under the papers which he held. This action was brought in the district court for Dawes county to cancel the deeds and quiet the plaintiff's title in the premises. The district court found in favor of the plaintiff, and canceled the deeds and quieted the title as prayed, and the defendant, Card, has appealed.

There is considerable evidence, and controversy in the briefs, as to the execution of the deed to Cutter. There is, however, no evidence as to any other consideration for the deed than the loan of the money for which the mortgage was given as security. The deed must, therefore, if valid for any purpose, be considered as additional security for the loan. The defendant, Card, claimed to be the owner of the land under the deed, and this claim of ownership is the real question that was apparently tried and determined by the court. The trial court expressly refused to consider or pass upon the mortgage, apparently upon the ground that the pleadings and evidence would not justify a determination of that matter. The lien, and possession, if any, of the defendant, Card, under the mortgage and subsequent taxes paid by him, is therefore not affected by this decree. So far as Card's claim of ownership of the land is concerned, by virtue of his deed, that issue seems to have been rightly determined under the evidence, and the judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.